SCHAEFFER et, Plaintiffs, v. UNKNOWN HEIRS AND NEXT OF KIN OF NATHAN FLETCHER et, Defendants.

Common Pleas Court, Cuyahoga County.

No. 749974.   Decided June 21, 1961.

*Mr. Stanley G. Webster* and  *Mr. Donald K. Barclay*, for plaintiffs.

*Mr. John D. Barricklow* and *Mr. Naren Biswas*, assistant attorneys general, for defendant Attorney General of the State of Ohio.

McDermott, J.   This is an action in which the Board of Trustees of The First United Presbyterian Church of East Cleveland seeks a Court order permitting the church to vacate

a small portion of its cemetery for the purpose of building a Sunday School building over this area.

The defendants named in the action are the unknown heirs and next of kin of certain decedents known to have been interred in the cemetery. Also named as defendants are the unknown heirs and next of kin of unknown decedents. The Attorney General of the State of Ohio is the final defendant.

Personal service was had upon the Attorney General of the State of Ohio, and service by publication was had upon the unknown heirs and next of kin. The Attorney General, by answer, asks the Court for relief best calculated to protect the public interest in charities of this nature.

The cause came on to be heard on the evidence, the briefs of the parties and the Court's personal visitation to the cemetery area. The cause is one in equity as no statute of the State of Ohio covers this particular form of abandonment of cemetery areas.

There are three statutes of the State of Ohio covering procedures where cemeteries are to be sold and used for other purposes. The Court has perused these statutes and the cases determined thereunder in an effort to determine whether the people of the State of Ohio through their legislators have declared a public policy as it relates to this issue. Sections 1715.02, 1721.15 and 759.07, Revised Code, are the statutes covering the sale of cemetery property. In each of these statutes, the Legislature has directed that bodies be removed and re-interred in other cemeteries prior to the abandonment and sale of said properties.

In the case at bar, there is no sale involved. It is merely the changing of the use by the organization which owns and controls the cemetery area. This brings us to the heart of the real issue presented by this lawsuit—whether a Court sitting in equity will permit a church association to abandon a small portion of its cemetery for the purpose of building a new Sunday School building without the removal of bodies interred in this area.

The Court has determined that the statutes previously noted do not state a general public policy as it relates to this situation. Under each of the statutes, *"sales"* are involved. Obviously, the Legislature has determined that if an abandoned

cemetery is to be used as a filling station, parking lot or a tavern, the bodies interred should be removed and reburied in other cemeteries. In short, the Legislature has determined that the sale of cemetery areas without a removal and re-interment of bodies is against the public policy of the State of Ohio. The Court has determined that this pronouncement of public policy should in no way determine the issues presented in this lawsuit since the fact situation here presented does not involve a sale and no commercial use is to be made of the property here involved. The issue herein presented is one of first instance in Ohio and the United States. The petitioners have thoroughly briefed this problem as has the Attorney General of the State of Ohio, and the Court has fully considered all cases both state and national covering the abandonment of cemetery areas. To be more explicit, in the issue herein presented the question is whether the building of the Sunday School building over the grave areas would constitute a desecration of the dead that are interred there. In order to determine this issue, it is necessary to carefully consider the evidence presented.

The evidence shows that there is no other land available for the construction of a Sunday School building. This church is one of the oldest in the county, having been first formed in 1807. The cemetery property was donated shortly after the formation of the church, and it appears that the first interment was that of the minister's wife in the year 1812. The Sunday School extension is approximately 50' x 130'. Within this area, at the present time, are the remains of six graves. Of these six, only two have legible inscriptions; and the dates of burial on these stones were 1814 and 1849. One of these graves is that of a child. It appears that there are other grave plots in this area, however, they are not marked and their names are unknown. The proposed building is to be built without excavation. The first floor of the building will be forty inches above grade. The footings for the building will go down only eighteen inches. The graves themselves will not be touched. The great portion of the cemtery area will remain untouched. There are approximately 160 graves in the entire cemetery. The last known burial in this cemetery area took place in the year 1900 and most of the others before the year of 1850. This portion

428

of the cemetery has not been visited by friends or relatives, if any remain, of the decedents interred therein for a great many years. The graves are uncared for except by the church itself.

Wide publicity has been given in the local newspapers to the proposed plan, and the testimony indicates that there has been practically no objection raised either within the church or in the community to the plan proposed for the building.

The church plans to remove the stones from this area and to build a memorial to the dead on the northernmost area of the church property. This area constitutes a bluff overlooking Euclid Avenue. The patriotic services of East Cleveland and the veterans of the wars on Memorial Day are conducted here, and the proposed memorial would add to the community services held in this area.

An architect's drawing of the proposed memorial has been submitted, and it is indeed a thing of beauty. The older stones of the cemetery will be memorialized within a stone structure. The stones selected will be those of two veterans of our country's wars; the stones of John and Sarah Shaw, for whom Shaw High School was named; and two ecclesiastical stones, one being the wife of the first minister and the other one of the early pastors. The inscription on the memorial will read:

"There lie buried in this churchyard, early settlers of the city, friends of the church, veterans of our country's wars and many others named and unnamed. This memorial is erected that coming generations may hold the memory of their deeds in lasting honor."

In light of these plans, can it be said that the proposal of the Trustees of The First United Presbyterian Church of East Cleveland would constitute a desecration of the dead? This Court thinks not. On the contrary, this Court is of the opinion that to require a removal and re-interment of the bodies in this area would bring about a circus atmosphere, the crass publicity of which would most certainly desecrate the peaceful remains of those buried in this area. It is this Court's opinion that the erection of a Sunday School building over this plot of land will constitute a living memorial to the memories of those whose mortal remains lie there buried.

This church under the direction of its able pastor, Dr.

Howard M. Wells, has given careful thought and preparation to its planned expansion. The funds for the building program have been raised. The final step in preparation is before this Court.

This Court, sitting in equity and being fully advised in the premises, finds that the order sought by the Trustees in this action is fully conscionable and in no way conflicts with the accepted moral and spiritual principles of the community. An order may be drawn and submitted in accordance with this opinion.